IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–01687–WYD–KMT

JAMES R. SARDAKOWSKI,

      Plaintiff,

v.

GARY MORGEN, and
J. WILLEY,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

      This case involves claims that Defendants violated Plaintiff's Fourth, Fifth, and Eighth Amendment rights. This matter is before the court on Defendants' "Motion to Dismiss Plaintiff's Complaint" (Doc. No. 20, filed October 23, 2009). Jurisdiction is asserted under 28 U.S.C. § 1343 (2009).

## STATEMENT OF THE CASE

      The following facts are taken from Plaintiff's Prisoner Complaint and the Motion to Dismiss. In the "Nature of the Case" section of the Complaint, Plaintiff states he is a mentally disabled prisoner housed at the Sterling Correctional Facility ("SCF") in the Colorado Department of Corrections ("CDOC"). (Prisoner Compl. at 3 [hereinafter "Compl."] [ filed July 16, 2009].) Plaintiff alleges he has asked to be returned to Colorado Territorial Correctional Facility ("CTCF") because of "proper care groups" available to him at CTCF. (*Id.*) Plaintiff

alleges he is in "imminent danger of serious physical injury due to getting in fights with other inmates" at SCF and that officers at SCF have failed to help him.  (*Id.*)

Plaintiff asserts one claim for "improper care."  (*Id.* at 7.)  Plaintiff alleges Defendant Willey emailed Defendant Morgan to try to transfer Plaintiff back to CTCF's developmentally disabled population.  (*Id.*)  Defendant Morgan allegedly responded to Defendant Willey that he had held a meeting with his co-workers and had made a decision to deny Plaintiff's transfer back to CTCF because Plaintiff had been non-compliant last time he was there.  (*Id.*)  Plaintiff states he previously had problems at CTCF because of a then employed mental health clinician who threatened to send Plaintiff to San Carlos Correctional Facility if Plaintiff did not take his medication.  (*Id.* at 4.)  Plaintiff seeks injunctive relief in the form of being returned to CTCF's developmentally disabled population.  (*Id.* at 11.)

Defendants move to dismiss Plaintiff's Complaint on the bases that (1) Defendants are entitled to Eleventh Amendment immunity in their official capacities; (2) Plaintiff fails to state a cognizable Eighth Amendment claim; (3) Plaintiff does not have a constitutional right to the placement or classification of his choice; and (4) Plaintiff has failed to exhaust all required administrative remedies.  (Mot. to Dismiss Pl.'s Compl. [hereinafter "Mot."] [filed October 23, 2009].)

## PROCEDURAL HISTORY

Plaintiff filed his Prisoner Complaint on July 16, 2009. (Compl.)  Defendants filed their motion to dismiss on October 23, 2009.  (Mot.)  Plaintiff did not file a response.  This motion is ripe for review and recommendation.

**STANDARD OF REVIEW**

*1.*      **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other

papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."

*Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to

less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's

"conclusory allegations without supporting factual averments are insufficient to state a claim

upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A

court may not assume that a plaintiff can prove facts that have not been alleged, or that a

defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors*

*of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v.*

*New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual

allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156,

1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the

absence of any discussion of those issues").  The plaintiff's *pro se* status does not entitle him to

application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

*2.*      *Lack of Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for

"lack of jurisdiction over the subject matter."  Fed. R. Civ. P. 12(b)(1) (2008).  Dismissal under

Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that

the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580

(10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only

exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must

dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is

lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule

12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint,

without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d

674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party

asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the

burden of establishing that this court has jurisdiction to hear his claims.

**3.**      ***Failure to State a Claim Upon Which Relief Can Be Granted***

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss

a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6)

(2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that

the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally

sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d

1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual

allegations are true and construes them in the light most favorable to the plaintiff." *Hall v.

Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

4

on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss,

means that the plaintiff pled facts which allow "the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Id*.  The *Iqbal* evaluation requires two

prongs of analysis.  First, the court identifies "the allegations in the complaint that are not

entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare

assertions, or merely conclusory. *Id*. at 1949–51.  Second, the Court considers the factual

allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951.  If the

allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at

1950.

       Notwithstanding, the court need not accept conclusory allegations without supporting

factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir.

1998).  "[T]he tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940.

Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the

elements of a cause of action will not do.  Nor does the complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted).  "Where a

complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of

the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*,129 S. Ct. at 1949

(citation omitted).

**ANALYSIS**

*1.        Eleventh Amendment Immunity*

Defendants assert that, to the extent they are being sued in their official capacities, they are entitled to Eleventh Amendment immunity.  (Mot. at 3–4.)  The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  This Amendment shields state officials, acting in their official capacities, from claims for monetary relief.  *See Hill v. Kemp*, 478 F.3d 1236, 1255-56 (10th Cir. 2007).  However, a claim for injunctive relief may, in some circumstances, proceed against such official in his or her official capacity.  *Id.*  Whether the Eleventh Amendment provides immunity on a claim for injunctive relief depends upon whether the relief sought is truly prospective.  *Id.* at 1258–59.  If the relief sought is actually retrospective, then the Eleventh Amendment bars it.  *Id.*

To the extent that monetary relief is sought from the Defendants in their official capacities, the Eleventh Amendment shields them from liability.  However, to the extent Plaintiff seeks prospective, injunctive relief in this action, including an order directing the CDOC to transfer him back to the CTCF, the Eleventh Amendment does not bar such claims.

*2.        Eighth Amendment Claim*

Plaintiff asserts a claim for "improper care" under the Eighth Amendment.  (Compl. at 2, 4, 7.)  The Eighth Amendment prohibition against cruel and unusual punishment requires prison officials to provide humane conditions of confinement by ensuring that inmates receive adequate

6

food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)

(quotations and citations omitted).  In addition, the Eighth Amendment places a burden on prison

officials to "take reasonable measures to guarantee the safety of the inmates." *Hudson v.*

*Palmer*, 468 U.S. 517, 526–27 (1984).  A prison official violates the Eighth Amendment if he is

deliberately indifferent to the need to protect an inmate from a substantial risk of serious harm

from other inmates. *Farmer*, 511 U.S. at 834.

 A prisoner claiming an Eighth Amendment violation must establish, both objectively and

subjectively, that particular conditions of confinement are cruel and unusual. *Wilson v. Seiter*,

501 U.S. 294, 297–298 (1991).  To satisfy the objective component, a plaintiff must allege a

deprivation which objectively is "sufficiently serious" to constitute an Eighth Amendment

violation. *Id.* at 298.  To satisfy the subjective component, a plaintiff must demonstrate that the

prison official was "deliberately indifferent" to a substantial risk of serious harm. *Farmer*, 511

U.S. at 834.  Deliberate indifference in this context means that the official "knows of and

disregards an excessive risk to inmate health and safety; the official must both be aware of facts

from which the inference could be drawn that a substantial risk of serious harm exists, and he

also must draw the inference." *Id.* at 837.

 Plaintiff alleges he has asked to be returned to Colorado Territorial Correctional Facility

("CTCF") because of "proper care groups" available to him at CTCF.  (*Id.*)  Plaintiff also alleges

Defendant Willey emailed Defendant Morgan to try to transfer Plaintiff back to CTCF's

developmentally disabled population.  (*Id.*)  Defendant Morgan allegedly responded to

Defendant Willey that he had held a meeting with his co-workers and had made a decision to

deny Plaintiff's transfer back to CTCF because Plaintiff had been non-compliant last time he was

there.  (*Id.*)  The court finds that, even viewing the facts in the record in the light most favorable

to the plaintiff, his general allegation that he is mentally disabled and that Defendants denied his

request for a transfer to CTCF (Compl. at 7) does not sustain an Eighth Amendment claim for

deliberate indifference to serious needs.  Plaintiff has failed to allege a deprivation which

objectively is "sufficiently serious" to constitute an Eighth Amendment violation. *Wilson*, 501

U.S. at 298 (1991).  Even assuming that Plaintiff would be able to prove the objective

component of a deliberate indifference claim, the court finds that Plaintiff's claim must still fail,

as he completely fails to allege that the defendants knew of and disregarded "an excessive risk to

[Plaintiff's] health and safety." *Farmer*, 511 U.S. at 837.  Plaintiff provides no information from

which the court may conclude that the defendants were both aware of "facts from which the

inference could be drawn that a substantial risk of serious harm exist[ed]" to Plaintiff and that

the defendants also drew that inference. *Id.*  Plaintiff has failed to state a claim for deliberate

indifference against the defendants.

**2.      *Due Process Claim***

        Plaintiff seems to assert a claim that the defendants have violated his due process rights

by denying the request that he be transferred to CCCF.  (Compl. at 2, 4.)  "The Fourteenth

Amendment provides that no state shall 'deprive any person of life, liberty, or property without

due process of law.'" *Estate of DiMarco v. Wyo. Dept. of Corrs.*, 473 F.3d 1334, 1339 (10th Cir.

2007).  "A due process claim under the Fourteenth Amendment can only be maintained where

there exists a constitutionally cognizable liberty or property interest with which the state has

interfered." *Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2005) (citation omitted).

"It is well established that lawfully incarcerated persons retain only a narrow range of

protected liberty interests . . . , and '[t]he Due Process Clause standing alone confers no liberty

interest in freedom from state action taken within the sentence imposed.'" *Jordan v. Federal

Bureau of Prisons*, 191 Fed. App'x 639, 650 (10th Cir. 2006) (quoting *Sandin v. Conner*, 515

U.S. 472, 480 (1995)).  In *Sandin v. Conner*, the United States Supreme Court "redefined the

scope of prisoner due process claims and clarified the proper approach for their analysis." *Klein

v. Coblentz*, No. 9601289, 1997 WL 767538, at *3 (10th Cir. Nov. 19, 1997).  The Court noted

in *Sandin* that although

> [s]tates may under certain circumstances create liberty interests which are
> protected by the Due Process Clause . . . [those] interests will be generally limited
> to freedom from restraint which, while not exceeding the sentence in such an
> unexpected manner as to give rise to protection by the Due Process Clause of its
> own force, . . . nonetheless imposes atypical and significant hardship on the
> inmate in relation to the ordinary incidents of prison life.

*Sandin*, 515 U.S. at 483-84. Whether confinement "conditions impose such an atypical and

significant hardship that a liberty interest exists is a legal determination . . . ." *Beverati v. Smith*,

120 F.3d 500, 503 (4th Cir.1997) (citing *Sandin*, 515 U.S. at 485–87).

Here, the court finds that the plaintiff has not alleged facts which show that any actions

by defendants imposed atypical and significant hardship in relation to the ordinary incidents of

prison life.  It is well-established that an inmate has no justifiable expectation that he will be

incarcerated in any particular prison, *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983), and does

not have a constitutionally recognized liberty interest in his security classification or placement. *See Hewitt v. Helms*, 459 U.S. 460, 468 (1983) ("the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence."); *Meachum v. Fano*, 427 U.S. 215, 228 (1976) ("Whatever expectation the prisoner may have in remaining at a particular prison so long as he behaves himself, it is too ephemeral and insubstantial to trigger procedural due process protections as long as prison officials have discretion to transfer him for whatever reason or no reason at all."). As such, Plaintiff's due process claim is properly dismissed.

### 3.        *Equal Protection Claim*

The plaintiff also alleges that the defendants have violated his right to equal protection of the law, although the basis for the claim is inexplicit. (Compl. at 2, 4.) Plaintiff asserts that "people who have the same [developmental disability] rating are at C.T.C.F." where there is a developmentally disabled general population. (*Id.* at 4.) The defendants do not address an equal protection claim in their motion to dismiss. This court concludes that the plaintiff's allegations do not state a claim on which relief can be granted for violation of the plaintiff's right to equal protection of the law, even in light of the court's obligation to accept all well-pleaded allegations of the complaint as true. *Hall*, 935 F.2d at 1198.

In this case, Plaintiff makes the conclusory allegation that other similarly situated developmentally disabled prisoners are housed together at CCCF. (Compl. at 4.) A *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall*, 935 F.2d at 1110. However, Plaintiff fails to state

10

how the developmentally disabled prisoners at CCCF may be treated differently than the plaintiff at his current facility.  The plaintiff filed this case *in forma pauperis*.  (Doc. Nos. 1,2.) Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court "shall dismiss the case at any time if the court determines that" the action "fails to state a claim on which relief may be granted."  The allegations in Plaintiff's Complaint do not state a claim on which relief can be granted for violation of the plaintiff's right to equal protection of the law.  Thus, exercising jurisdiction and discretion under 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff's equal protection claim should be dismissed.

**4.**     ***Qualified Immunity***

Defendants argue that they are entitled to qualified immunity on Plaintiff's individual capacity claims against them.  (Mot. at 10–11.)  The doctrine of qualified immunity shields government officials from individual liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Qualified immunity is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."  *Saucier v. Katz*, 533 U.S. 194, 121 (2001).

Because of the underlying purposes of qualified immunity, courts address qualified immunity questions differently from other summary judgment decisions.  *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001).  After a defendant asserts a qualified immunity defense, the burden shifts to the plaintiff, who must meet a "heavy two-part burden."  *Id.*  Plaintiff first must establish that the facts, taken in the light most favorable to Plaintiff, show that the officer's

conduct violated a constitutional right.  *Saucier*, 533 U.S. at 201.  If Plaintiff establishes a

violation of a constitutional or statutory right, "the next, sequential step is to ask whether the

right was clearly established."  *Id.*  This determination must be made "in light of the specific

context of the case, not as a broad general proposition."  *Id.*  "[T]he relevant, dispositive inquiry

. . . is whether it would be clear to a reasonable officer that his conduct was unlawful in the

situation he confronted."  *Id.* at 202.  If the plaintiff fails to satisfy either part of this "heavy

two-part burden," the court must grant the defendant qualified immunity and dismiss the

deficient claims.

  In a recent opinion, the United States Supreme Court altered somewhat the analytical

process that may be used when a defendant claims the protection of qualified immunity.

*Pearson v. Callahan*, ___ U.S. ___, 129 S. Ct. 808 (2009).  In *Pearson*, the Supreme Court held

that the sequential two step analysis mandated in *Saucier* should no longer be regarded as

mandatory.  The judges of the district courts and the courts of appeals should be permitted to

exercise their sound discretion in deciding which of the two prongs of the qualified immunity

analysis should be addressed first in light of the circumstances in the particular case at hand.

*Pearson*, ___ U.S. ___, 129 S. Ct. at 818.  The Supreme Court noted, however, that the sequence

set forth in *Saucier* often is the appropriate analytical sequence.  *Id.*

  This court already has determined Plaintiff has failed to meet the first burden of

overcoming Defendants' qualified immunity assertion because he has failed to establish a

cognizable constitutional violation.  As such, the court sees no need to proceed to the second

prong of qualified immunity.  Defendants are entitled to qualified immunity from Plaintiff's

individual capacity claim against them.

WHEREFORE, for the foregoing reasons, the court respectfully

**RECOMMENDS** that Defendants' "Motion to Dismiss Plaintiff's Complaint" (Doc. No.

20) be GRANTED, and that this case be dismissed in its entirety, with prejudice.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may

serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A

general objection that does not put the District Court on notice of the basis for the objection will

not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review."  *United States v. One Parcel of Real*

*Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir.

1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the

Magistrate Judge's proposed findings and recommendations and will result in a waiver of the

right to appeal from a judgment of the district court based on the proposed findings and

recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir.

1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite

the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of*

*Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, Petitioners waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 25th day of January, 2010.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge

14